McKinney, J.
delivered the opinion of the court.
This is an action of trespass quare clausum fregit, for cutting and carrying away certain timber trees. Yerdict and judgment were for the plaintiff in the circuit court, and appeal in error by the defendant to this court.
The first point made in the argument here, involves the right of the plaintiff to maintain the action, on the ground of want of title. The facts upon which this *72 question is raised, are these: Isabella French, wife of William B. French, was the owner of real estate, slaves, and other personal property, devised and bequeathed to her by her father, Hugh L. White. Her husband being insolvent, she filed her bill, before the reduction of any of the property into her possession ■ — ■ to exclude his marital.right, and to have the same, both real and personal, settled to her separate use. The interlocutory decree made in the cause, declares that “all the right, title, and interest of said Isabella French, in and to said property, real and personal, ought to be vested in a trustee, for the use and benefit of said Isabella and her children.” But the final decree, in terms, merely constitutes and “appoints Samuel A. White a trustee to take charge of the property both real and personal belonging to sand complavnamtf without formally vesting him with the legal title.
It is argued for the plaintiff in error, that the trustee has no such interest in the real estate, under this decree, as will entitle him to maintain the present action, the absolute legal title being in Isabella French.
The final decree is inartificial, and certainly does not vest the trustee with any legal title, so far as the real estate is concerned. But the. decree should be so construed, if possible, as to carry out the puipose of the trust: and upon a proper construction thereof, we think, the trustee is vested with such an interest as is sufficient to entitle him to maintain the present suit.
The authority to “ take charge ” of the property, real and personal of the feme covert, is unquestionably a full authority to take the property into his immediate and actual possession, and to hold the possession in subservi *73 ence to tbe purposes of tbe trust. Upon bis acceptance of tbe trust, tbe trustee instantly became vested not only with tbe right of possession, but, in legal contemplation, with tbe actual possession also; for although tbe feme covert may have remained in tbe occupation of tbe premises, still tbe possession, in law, was tbe possession of tbe trustee. And possession of part' being possession of all tbe land embraced within tbe proper boundaries of tbe deed or grant, and actual possession being sufficient to support trespass against a wrong doer, having no title, it follows that tbe objection, upon this ground, cannot avail tbe plaintiff in error. If this were not so, then no action at law could be maintained by any one for tbe alleged trespass. By tbe decree, tbe interest of tbe husband is excluded; therefore be can maintain no action, either separately or jointly with bis wife; nor can tbe wife sue in her own name, because of her coverture. Of necessity, therefore, from the very nature and objects of tbe trust, it would seem to result, that tbe trustee may at least maintain all such actions, for injuries affecting the real estate placed in bis “ charge,” as require not a legal title, but merely an actual possession for their support. How it be' in respect to actions founded upon legal title, is a question which, upon tbe facts in this record, we are not called upon to decide.
Erom tbe nature of this particular trust it follows, of course, that tbe interest of tbe trustee continues no longer than the purposes of its creation demand. Tbe object being to protect tbe property against tbe marital rights of tbe husband, upon bis death all tbe purpose of tbe trust are accomplished; tbe wife’s right becomes absolute in her, as before tbe marriage; and tbe interest *74 of tbe trustee is at an encl. But the record being silent as to whether the husband be living or dead, we must talce it, for the present, that he is still alive, upon the legal presumption in favor of the continuance of life until the contrary is shown; though, as alleged, the fact be otherwise.
2. It is argued that the court erred in admitting evidence to the jury of the supposed conventional line alleged to have been made between' Hugh L. "White (or those under whom he derived title) and Bobert Houston. This objection we think is well founded. The plaintiff in the action seeks to depart from the apparent true calls of his title deeds for course and distance, and to recover for an alleged trespass to land, which prima, faoim, is hot embraced by the calls thereof; and this by force merely of a conventional line, said to have been agreed upon and established between those under whom he claims, and Houston. Without noticing other objections not urged in the argument here, we place our decis-' ion upon the ground, that, if such conventional line were in fact made, it is not shown by any competent evidence that Houston, at the time, had any title to, or interest in the adjoining land, between which and the land of White, the supposed conventional line was to form the boundary; and without such title or interest, he could make no compact or agreement in respect to the boundary, binding on White or any other person. 9 Humph., 75.
The effect of the testimony excepted to is, to establish a title • in Houston by parol evidence, and clearly this is not allowable.
The plaintiff’s recovery cannot be supported upon the ground, that the plaintiff’s possession was commensurate *75 with tbe limits of bis paper title, and tbat for a long-period tbe conventional line in question bad been claimed and recognized as tbe boundary. His legal possession of tbe wild, unenclosed portion of. bis tract of land, was ' limited by tbe true boundaries of bis title papers. Here tbe proper boundary is tbe very point in dispute ; and without tbe establishment of the conventional line claimed by tbe plaintiff, it would seem from tbe aspect in which tbe case is presented in this record, tbat tbe locus in quo is not covered by bis title..
Tbe judgment must be reversed, and a new trial awarded.